**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4295**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

SHARONE JERMAINE BERRY, a/k/a Shaun Smith, a/k/a Jerome
Smith,

    Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Robert G. Doumar, Senior
District Judge.  (4:08-cr-00043-RGD-TEM-1)

Submitted:  January 27, 2010          Decided:  March 12, 2010

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Keith Loren
Kimball, Assistant Federal Public Defender, Patrick L. Bryant,
Research and Writing Attorney, Norfolk, Virginia, for Appellant.
Neil H. MacBride, United States Attorney, Richard Cooke, Brian
J. Samuels, Assistant United States Attorneys, Newport News,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharone Jermaine Berry appeals his jury conviction and 286-month sentence for possession with intent to distribute cocaine base within 1000 feet of school property, in violation of 21 U.S.C. §§ 841, 860 (2006); identification theft, in violation of 18 U.S.C. § 1028(a)(7) (2006); false representation of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) (2006); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006). On appeal, Berry asserts that: (i) the district court erred when it denied his motion to suppress; (ii) his identity theft and aggravated identity theft convictions must be reversed in light of the Supreme Court's recent holding in Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009); and (iii) his sentence is procedurally unreasonable because the district court allegedly failed to provide a sufficient statement of reasons for the sentence it imposed. Although we vacate Berry's identity theft and aggravated identity theft convictions and their corresponding sentences, we affirm the remainder of the district court's judgment.

On appeal from a district court's denial of a suppression motion, we review the district court's factual findings for clear error and its legal determinations de novo. See United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009). When a defendant's suppression motion has been denied, we review

2

the evidence in the light most favorable to the Government.  See United States v. Farrior, 535 F.3d 210, 217 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).  We also defer to the district court's credibility determinations.  See United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009).  With these standards in mind, and having reviewed the transcript of the suppression hearing and the parties' briefs, we conclude that the district court did not err in denying Berry's motion to suppress.

We nonetheless agree that Berry's § 1028A aggravated identity theft conviction and his § 1028(a)(7) identity theft convictions, as well as their corresponding sentences, must be vacated in light of Flores-Figueroa.[*]  In Flores-Figueroa, which was decided after Berry was convicted and sentenced by the district court, the Supreme Court held that "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification [stolen] belonged to another person." 129 S. Ct. at 1894.  Although Flores-Figueroa did not address the knowledge necessary for a § 1028(a)(7) conviction, "when Congress uses the same language in two statutes having similar

---

[*] Although Berry moved for a judgment of acquittal on his § 1028A conviction, thereby preserving this issue for appeal, we review Berry's challenge to his § 1028(a)(7) convictions for plain error.  See United States v. Smith, 441 F.3d 254, 271 (4th Cir. 2006).

purposes, particularly when one is enacted shortly after the other, it is appropriate to presume that Congress intended that text to have the same meaning in both statutes." Smith v. Jackson, MS, 544 U.S. 228, 233 (2005). Because § 1028(a)(7)'s wording is virtually identical to § 1028A, both statutes criminalize identity theft, and § 1028A was passed shortly after § 1028(a)(7), we agree that the Supreme Court's holding in Flores-Figueroa should apply to a § 1028(a)(7) conviction, as well. Compare 18 U.S.C. § 1028(a)(7) (2006) (making it unlawful for someone to "knowingly transfer[], possess[], or use[], without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law) with 18 U.S.C. § 1028A(a)(1) (2006) (making it unlawful for someone to "knowingly transfer[], possess[], or use[], without lawful authority, a means of identification of another person").

The Government concedes that Flores-Figueroa is retroactively applicable to Berry's appeal, see Griffith v. Kentucky, 479 U.S. 314, 328 (1987), and acknowledges that the record is devoid of evidence establishing that Berry knew the identification he stole belonged to another person. Because we

4

agree, we vacate Berry's identity theft and aggravated identity theft convictions, as well as their respective sentences.

We nonetheless affirm the remainder of the district court's judgment. In evaluating the district court's explanation for a selected sentence, we have consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference 18 U.S.C. § 3553(a) (2006) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "may not presume that the Guidelines range is reasonable," but "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007).

Against this backdrop, we recognized in United States v. Carter, 564 F.3d 325 (4th Cir. 2009), that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review." 564 F.3d at 330 (internal quotation marks and citation omitted). Thus, a recitation of the § 3553(a) factors and purposes is insufficient. Likewise, a conclusory statement that a specific sentence is the proper one does not satisfy the district court's responsibilities. Id. at 328-29. In addition, we "may not guess at the district court's rationale, searching the record for statements by the Government

5

or defense counsel or for any other clues that might explain a sentence." Id. at 329-30.

Despite the foregoing considerations, the district court's explanation "need not be elaborate or lengthy." Id. at 330. "That is especially true where, as here, the sentence is inside the advisory guidelines range." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009). "Gall was quite explicit that district courts should provide more significant justifications for major departures than for minor ones. But when a district court does not depart or vary at all, it may provide a less extensive, while still individualized, explanation." Id. (internal citations, quotation marks and brackets omitted). "This is because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." Id. (internal quotation marks and citation omitted). We have reviewed the transcript of Berry's sentencing and find that the district court adequately explained its rationale for the within-Guidelines sentence it imposed and, although not overly detailed, the district court's reasoning for Berry's sentence was sufficiently individualized and reflected a considered rationale.

Based on the foregoing, we vacate Berry's conviction and sentence for aggravated identity theft under § 1028A, as

6

well as his convictions and sentences for identity theft under § 1028(a)(7), affirm the remainder of the district court's judgment and remand to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

7